UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CHRISTOPHER DANIEL GAY, | ) | |
|---|---|---|
| | ) | Case No. 4:21-mc-1 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in which Petitioner, a federal prisoner housed in the Silverdale Detention Center, seeks relief under § 2241 from a Sumner County, Tennessee charge for violation of probation, and a resulting detainer (Doc. 3). For the reasons set forth below, this petition will be **TRANSFERRED** to the United States District Court for the Middle District of Tennessee at Nashville.

In his petition, Petitioner states that on November 15, 2018, he "violated Sumner County case #918-2017" and was arrested on January 18, 2019, in Marion, Virginia, at which point Sumner County lodged a detainer against him and he waived extradition. (*Id.* at 10.) Plaintiff contacted the Sumner County Court and spoke to a Sumner County District Attorney, who "said she was going to put the Sumner County sentence in effect." (*Id.*) Also, in April of 2020, "the feds picked up [Petitioner's] state cases," and Virginia dismissed its charges against Petitioner. (*Id.*)

On March 26, 2021, this Court sentenced Petitioner in the federal criminal case against him. (*Id.*) *See United States v. Gay*, 4:20-cr-5 (E.D. Tenn. Apr. 19, 2021). In doing so, the undersigned ordered that Petitioner's federal sentence run concurrently with his sentence in Sumner County case number 918-2017, among other sentences, and that it would run from January 28, 2019. *United States v. Gay*, 4:20-cr-5, Doc. 73.

According to Petitioner, Sumner County has denied him "all [] rights" and "all jail credits" and "is not giving [him] the right to resolve the[] [Sumner County] detainer" but instead is "holding [the detainer] over [Petitioner's] head." (*Id.*) Petitioner therefore seeks a federal writ and requests that this Court order his Sumner County "sentence to be put in effect." (*Id.*)

While Petitioner is currently incarcerated in the Silverdale Detention Center, which is located within this District, he has named the State of Tennessee (Sumner County) as Respondent. (*Id.* at 1.) Even if this Court could exercise jurisdiction over this Respondent, it is apparent that Petitioner's dispute arises out of a detainer from Sumner County, Tennessee. Thus, the District where the decision to lodge the Sumner County detainer against Petitioner was made and where these records are located is the most appropriate forum for this action, rather than this Court. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495, 498–500 (1973) (providing that a prisoner serving a sentence in one jurisdiction may attack a future sentence that he has not yet begun to serve and for which he is subject to a detainer from another jurisdiction under § 2241 and that, in cases such as this one, where the underlying material events took place in the detainer jurisdiction, which is also where the relevant persons and records may be found, the jurisdiction issuing the detainer is "almost surely the most desirable forum for the adjudication of the claim").

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Middle District of Tennessee at Nashville, *see* 28 U.S.C. §§ 123(b)(1), 1406(a), to allow that Court to screen the petition, and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**