# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTOPHER DANIEL GAY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00344 |
| ) | |
| **STATE OF TENNESSEE,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Christopher Daniel Gay originally filed this habeas action under 28 U.S.C. § 2241 in the Eastern District of Tennessee on April 13, 2021. That court immediately issued notice that the filing was deficient because it was not accompanied by payment of the filing fee or an application for leave to proceed in forma pauperis (IFP) (Doc. No. 1), and subsequently transferred the case to this District on April 30, 2021. (Doc. Nos. 5, 6).

On May 26, 2021, this Court renewed the notice to Petitioner that his habeas petition was not properly filed due to his failure to either pay the five-dollar habeas filing fee or file a proper application to proceed IFP. (Doc. No. 9). The Court directed the Clerk to send Petitioner a blank IFP application form and ordered Petitioner to either pay the fee or file an IFP application that complies with Habeas Rule 3(a) within 30 days. (Id. at 2). The Court explicitly cautioned Petitioner that failure to comply with the Court's Order (or seek an extension of time within which to do so) within the time frame specified, or failure to keep the Court apprised of his current address, may result in the dismissal of this action. (Id.). The 30-day deadline has now passed, and Petitioner has neither paid the filing fee nor filed an IFP application.

Petitioner has failed to comply with the Court's Order to cure the deficiency in his filing. Dismissal of this action is therefore proper under Federal Rule of Civil Procedure 41(b), which authorizes a motion to dismiss for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Furthermore, "[i]t is clear that the district court [has] the power . . . to enter a sua sponte order of dismissal" under Rule 41(b). Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)); see also Gravitt v. Tyszkiewicz, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); Smith v. Michigan Dep't of Corr. Hearings Div., No. 14-14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application).

Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. While dismissal is warranted in view of Petitioner's fault in failing to prosecute his case, the Court finds dismissal without prejudice to be appropriate in view of Petitioner's pro se status and the general preference for disposing of cases on their merits. See Choate v. Emerton, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), report and recommendation adopted, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018) (citing Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir. 2011)); Smith, 2015 WL 4620605, at *2 & n.1.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE